UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARMOND HENDERSON,

    Petitioner,

v.    Case No. 07-C-1078

TIMOTHY LUNDQUIST, Warden,
New Lisbon Correctional Institution,

    Respondent.

**ORDER DENYING PETITION TO PROCEED IN FORMA PAUPERIS
ON HABEAS CORPUS PETITION**

On December 3, 2007, the petitioner, Armond Henderson ("Henderson"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accompanying his habeas petition was a motion for leave to proceed *in forma pauperis*. On December 3, 2007, the Clerk of Court sent a letter to Henderson directing him to complete, and return to the court, the district's standard *in forma pauperis* petition form, together with a certified copy of his prison trust account statement for the previous six months. On December 13, 2007, Henderson filed the standard-form petition and affidavit to proceed *in forma pauperis* together with a copy of his prison trust account statement. For the reasons which follow, Henderson's petition to proceed *in forma pauperis* will be denied.

In his *in forma pauperis* petition Henderson avers that he is currently an inmate at the New Lisbon Correctional Institution. He further avers that he has $322.30 in a "checking, savings, or other similar accounts." Indeed, his prison trust account activity statement (which is attached to his petition) confirms that, as of December 10, 2007, Henderson had $322.30 in his prison trust account.

Title 28 U.S.C. § 1915(a)(1) provides, in pertinent part, that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without pre-payment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person unable to pay such fees or give security therefor." To be sure, in order to be allowed to proceed *in forma pauperis* it is not necessary that a person be destitute. But, when the affidavit submitted by the person seeking to be allowed to proceed *in forma pauperis* clearly reveals that he has the financial ability to pay the cost of commencing the action, denial of the petition to proceed *in forma pauperis* is appropriate.

The filing fee for a habeas corpus petition in federal court is $5.00. Given that Henderson has more than $300.00 readily available to him in his trust account, I am satisfied that he is able (and should be required) to pay such filing fee. Consequently, Henderson's petition to proceed *in forma pauperis* is denied. Upon Henderson's paying the $5.00 filing fee for this habeas corpus action, the court will review his petition in compliance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to determine if the respondent should be required to file an answer to the petition.

**NOW THEREFORE IT IS ORDERED** that Henderson's petition to proceed *in forma pauperis* be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that Henderson shall pay the filing fee of $5.00 within 30 days of the date of this order; if he does not, this action shall, without further notice, be **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 14th day of December 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge