UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARMOND N. HENDERSON,

    Petitioner,

v.                                                   Case No. 07-C-1078

TIMOTHY LUNDQUIST, Warden,

    Respondent.

**ORDER ON RULE 4 REVIEW**

On December 3, 2007, the petitioner, Armond N. Henderson ("Henderson"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accompanying his habeas petition was a motion for leave to proceed *in forma pauperis*. On December 14, 2007, this court denied Henderson's petition to proceed in forma pauperis and on January 8, 2008, Henderson paid the filing fee to commence this action. As a consequence, it now becomes incumbent upon the court to review Henderson's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. That rule states as follows:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

When I conduct the initial Rule 4 review of a habeas petition, one of the things I examine is whether, on the face of the petition, it appears to be timely filed. Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the 1-year limitation period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

> The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Henderson's petition is less than elucidating when it comes to setting forth the procedural history of his judgment of conviction and his movement through the appeals process in the Wisconsin state courts. Thus, the court did its own research with respect to those matters.

2

As best as the court can ascertain, on April 16, 2001, Henderson was convicted, upon a guilty plea, of one count of first degree reckless homicide, in violation of Wis. Stat. § 940.02(1), in the Milwaukee County Circuit Court. On December 13, 2001, Henderson was sentenced to serve thirty years in prison, consisting of twenty years of initial confinement and ten years of extended supervision.

Henderson's appointed counsel filed a direct "no-merit" appeal in early 2003, briefing the issues of Henderson's guilty plea and sentencing. Henderson did not file a response to counsel's no-merit report. On April 8, 2003, the Wisconsin Court of Appeals summarily affirmed Henderson's conviction, concluding that no meritorious challenges could be raised to those issues briefed or to any other issue.

There was no other activity until the spring of 2004, to wit, on March 4, 2004, when Henderson filed a *pro se* petition for a writ of habeas corpus in the Wisconsin Court of Appeals pursuant to *State v. Knight*, 168 Wis.2d 509, 484 N.W.2d 540 (1992). In that petition, Henderson alleged that his appellate counsel was ineffective for failing to allege that the State breached the plea agreement and for failing to allege that the plea colloquy was inadequate. On April 27, 2004, the court of appeals denied the petition on the grounds that those issues had been waived.

More than a year later, on August 16, 2005, Henderson filed a *pro se* postconviction motion under Wis. Stat. § 974.06 seeking plea withdrawal or sentence modification. He alleged that his plea was not knowingly entered and that the State breached the plea agreement. The trial court summarily denied the motion, ruling that Henderson was procedurally barred from raising those issues, pursuant to *State v. Escalona-Naranjo*, 185 Wis.2d 168, 517 N.W.2d 157 (1994). On September 12, 2006, the Wisconsin Court of Appeals affirmed the trial court's ruling. On October 10, 2006, Henderson

3

filed a petition for review with the Wisconsin Supreme Court. On December 5, 2006, the Wisconsin Supreme Court denied Henderson's petition for review.

As stated previously, it was not until almost one year later, on December 3, 2007, that Henderson filed his federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Based on all of the above, the court is concerned that Henderson's petition may not have been timely filed. Rule 4 states that when conducting the initial examination of a habeas petition, if the petition is not summarily dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Therefore, before the court orders the respondent to answer Henderson's petition, it will order the parties to submit briefs addressing only the issue of timeliness of the federal habeas petition.

**NOW THEREFORE IT IS ORDERED** that on or before February 15, 2008, the respondent shall file a brief addressing the timeliness of Henderson's habeas petition;

**IT IS FURTHER ORDERED** that on or before March 14, 2008, Henderson shall file a brief in response to the respondent's brief on the issue of the timeliness of his habeas corpus petition.

**SO ORDERED** this 9th day of January 2008, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

4