# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ARMOND N. HENDERSON,
        Petitioner,

    v.                                    Case No. 07C1078

MICHAEL THURMER,[1]
        Respondent.

## DECISION AND ORDER

Petitioner Armond N. Henderson, a Wisconsin state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his December 13, 2001 state court conviction of first-degree reckless homicide for which he received a sentence of twenty years in prison followed by ten years of extended supervision. Respondent argues that petitioner's application for a writ is time barred, and that issue is before me now. I conclude that the petition was not timely filed and must be dismissed.

Petitioner's complaint is that he pleaded guilty after the prosecutor agreed to recommend a fifteen year prison sentence but that the court declined to follow the recommendation and imposed a twenty year sentence. Petitioner's appellate counsel filed a "no-merit" notice of appeal and a no-merit report pursuant to the no-merit procedure specified in Wis. Stat. § 809.32. Petitioner had an opportunity to respond to the no-merit report but did not do so. On April 8, 2003, the state court of appeals affirmed petitioner's conviction. Petitioner did not seek state supreme court review, and as a result, pursuant

---

[1] Petitioner has been transferred and is currently incarcerated at the Waupun Correctional Institution, where Michael Thurmer is the warden. Thus, Thurmer is now the correct respondent in this case, and the caption shall be amended accordingly.

to 28 U.S.C. § 2244(d)(1)(A), his conviction became final on May 8, 2003. Thus, the one year statute of limitations for bringing a federal habeas petition, see id. § 2244(d)(1), began to run on May 9, 2003.

On March 1, 2004, 297 days later, pursuant to State v. Knight, 168 Wis. 2d 509 (Ct. App. 1992), petitioner filed an application for collateral review in the state court of appeals, challenging the performance of his appellate counsel. Pursuant to 28 U.S.C. § 2244(d)(2), as of the date that petitioner sought collateral review in the state court, the statute of limitations on his federal habeas claim was tolled. The state court of appeals dismissed his application on April 27, 2004. Petitioner did not seek review in the state supreme court, and his time to do so expired on May 27, 2004. Thus on May 28, 2004, the statute of limitations on his federal habeas claim began to run again, and sixty-eight days later, on August 4, 2004, the one year limitation period expired. All other events in the case occurred after the expiration of the filing period. Petitioner did not file his federal habeas petition until December 3, 2007, over three years after the one year limitation period expired.

Petitioner argues that the statute of limitations never commenced in the first place because the no-merit report was flawed, and the state court of appeals's acceptance of it constituted a state-created impediment to his seeking further relief, see § 2244(d)(1)(B), which tolled the running of the statute. However, in order for the state to create an impediment within § 2244(d)(1)(B), it must actually do something to prevent petitioner from seeking relief. Lloyd v. VanNatta, 296 F.3d 630, 632-33 (7th Cir. 2002). The filing of a no-merit report by petitioner's counsel and the acceptance of such report by the court of appeals did not prevent petitioner from pursuant his remaining state remedies or from filing

2

a federal habeas petition. Thus, the statute of limitations applicable to petitioner's federal habeas petition expired on August 4, 2004. Accordingly, the petition before me is untimely and must be dismissed.

Therefore,

**IT IS ORDERED** that petitioner's request for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED.**

Dated at Milwaukee, Wisconsin this 21 day of July, 2009.

/s
LYNN ADELMAN
District Judge